UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FINEQUA-JABON MAHONE, <br><br> Plaintiff, <br><br> v. <br><br> EXETER FINANCE LLC, et al., <br><br> Defendants. | CIVIL ACTION NO. <br> 1:25-CV-05318-JPB |

## **ORDER**

This matter is before the Court on Finequa-Jabon Mahone's ("Plaintiff") Emergency Motion for Temporary Restraining Order [Doc. 5]. This Court finds as follows:

On September 19, 2025, Plaintiff filed this action against Exeter Finance LLC, Carmax Auto Superstores, Inc., Action Towing Services LLC, Certified Asset Recovery Solutions, Inc. and unnamed John/Jane Does 1-10 (collectively, "Defendants"). [Doc. 2]. In her Complaint, Plaintiff seeks the immediate return of her vehicle that Defendants allegedly repossessed, and all items contained within, as well as compensatory and punitive damages for Defendants' conduct. Id. Plaintiff claims that Defendants wrongfully repossessed her car without allowing her to retrieve her personal property in violation of the United States

Constitution, the Georgia Constitution, federal law and state law.  Id.

## LEGAL STANDARD

To obtain a temporary restraining order, the moving party must show that: (1) there is a substantial likelihood of success on the merits; (2) the temporary restraining order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm that the temporary restraining order would cause to the non-movant; and (4) the temporary restraining order would not be adverse to the public interest.  KH Outdoor, LLC v. City of Trussville, 458 F.3d 1261, 1268 (11th Cir. 2006).  Crucially, injunctive relief is "an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to each of the four prerequisites."  Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (citation modified).

At the outset, the Court notes that Defendants have not yet appeared in this case, meaning this is a request for an ex parte motion for a temporary restraining order ("TRO").[1]  "An ex parte [TRO] is an extreme remedy to be used only with

---

[1] Plaintiff filed a Certificate of Service on September 24, 2025, stating that she served Defendants via USPS certified mail and email. [Doc. 7].  However, neither email nor certified mail are permissible forms of service.  See Zenon v. Fargo, No. 12-CV-25, 2012 U.S. Dist. LEXIS 198683, at *6 (M.D. Ga. Aug. 8, 2012) (noting that service of process by certified mail absent waiver by the defendant is not an appropriate means of service under federal law or Georgia law); United States v. Thu Phan Dinh, No. 20-CV-1794, 2020 WL 4474494, at *2 (M.D. Fla. Aug. 4, 2020) ("Courts find that service by email

the utmost caution." Levine v. Comcoa Ltd., 70 F.3d 1191, 1194 (11th Cir. 1995). In addition to the usual requirements for injunctive relief, a district court may issue an ex parte TRO only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; *and*
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1) (emphasis added). An ex parte TRO is inappropriate "where no showing is made that it is impossible to serve or to notify the opposing parties and to give them an opportunity to participate." Carroll v. President & Comm'rs of Princess Anne, 393 U.S. 175, 180 (1968).

## ANALYSIS

After thoroughly reviewing the filings, this Court finds that Plaintiff has failed to allege sufficient facts to demonstrate a substantial likelihood of success on the merits. Moreover, the Court also finds Plaintiff has not demonstrated irreparable harm or entitlement to an ex parte TRO. Finally, to the extent Plaintiff seeks to bring claims on behalf of C.A.J. or as a trustee, Plaintiff cannot do so while proceeding *pro se*. See, e.g., FuQua v. Massey, 615 F. App'x 611,

---

comports with due process when standard service of process *cannot be achieved*. . . ." (emphasis added)).

612 (11th Cir. 2015) ("[W]e have held that parents who are not attorneys may not bring a *pro se* action on their child's behalf." (citation modified)); J.J. Rissell, Allentown, PA Tr. v. Marchelos, 976 F.3d 1233, 1236 (11th Cir. 2020) ("[A] nonlawyer trustee has no authority to represent a trust in court.").

As to the merits of Plaintiff's claims, the Court finds that many of Plaintiff's allegations are conclusory, and thus fail to support a finding of substantial likelihood of success on the merits. For instance, while Plaintiff alleges that Defendants violated § 504 of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act, Plaintiff makes only bare legal assertions that Defendants receive federal funding. See Barnes v. Gorman, 536 U.S. 181, 184–85 (2002) ("Section 202 of the ADA prohibits discrimination against the disabled by public entities, § 504 of the Rehabilitation Act prohibits discrimination against the disabled by recipients of federal funding. . . ."); Rose v. GMAC Mortg., LLC, No. 10-CV-1990, 2010 WL 11647446, at *1 (N.D. Ga. July 6, 2010) ("Plaintiff's motions appear to rely exclusively on conclusory allegations that Defendants violated certain federal state statues, which cannot in themselves support the granting of a temporary restraining order.").[2]

---

[2] Plaintiff identifies only C.A.J. as an individual with qualifying disabilities under the ADA. [Doc. 2]. However, as noted above, Plaintiff cannot bring claims on C.A.J.'s behalf while proceeding *pro se*. FuQua, 615 F. App'x at 612.

4

Plaintiff also alleges a violation of her Due Process rights. [Doc. 5, p. 9]. However, Plaintiff again makes only conclusory allegations that Defendants are government actors or were otherwise acting under color of state law during the events at issue in this case; thus, there is not a substantial likelihood that Plaintiff can succeed on the merits of her Due Process claim. David v. Prudential Sec., Ind., 59 F.3d 1186, 1190 (11th Cir. 1995) ("It is axiomatic that constitutional due process protections do not extend to private conduct abridging individual rights." (citation modified)).

Plaintiff's Due Process claim is also unlikely to succeed because the Eleventh Circuit Court of Appeals has held that there is no federal Due Process violation as long as the state provides a means to remedy the violation. McKinney v. Pate, 20 F.3d 1550, 1565 (11th Cir. 1994) (en banc), abrogation on other grounds recognized by Littlejohn v. Sch. Bd of Leon Cnty, 132 F.4th 1232, 1239 (11th Cir. 2025). Since Georgia provides a remedy for improper repossession, Plaintiff has no federal due process claim with respect to the repossession of her vehicle. See O.C.G.A. 11-9-625 (providing remedies for a secured party's failure to comply with state regulations concerning repossession of property); see also Carroll v. Henry County, 336 B.R. 578, 586 (N.D. Ga. Jan.

23, 2006) (finding no due process claim for vehicle repossession because Georgia law provides an adequate remedy).

In addition to her failure to show substantial likelihood of success on the merits, the Court also finds Plaintiff's purported irreparable harms to be insufficient. For instance, Plaintiff alleges "economic deprivation" as an irreparable harm. [Doc. 5, p. 8]. However, general economic deprivation is not an irreparable harm because it is compensable through monetary damages. San Francisco Residence Club, Inc. v. O'Shea, No. 08-CV-01423-CLS, 2009 WL 10688917, at *2 (N.D. Ala. June 30, 2009) ("[M]ere economic loss is not irreparable harm because the loss can be readily compensated by an award of money damages."). Likewise, the loss of a car for a period of time is also not an irreparable harm. Carter v. DRJ Venice LLC, No. 25-CV-99, 2025 WL 343498, at *2 (M.D. Fla. Jan. 30, 2025). Moreover, Plaintiff's conclusory mention of "emotional trauma," [Doc, 5, p. 9], is similarly insufficient to constitute irreparable harm. Mitchell v. Fowlkes, No. 13-CV-32, 2013 U.S. Dist. LEXIS 118735, at *5 (M.D. Ga. July 12, 2013) ("Although Plaintiff contends that he is suffering and will continue to suffer from unspecified mental and emotional problems, Plaintiff's conclusory allegations are remote and speculative, rather than actual and imminent." (citing Siegel, 234 F.3d at 1176)).

Plaintiff also alleges that irreparable harm arises out of the loss of "medical supplies and assistive devices" contained within the repossessed car that are essential for her child. [Doc. 5, p. 9]. While "[t]he loss of medical care is an irreparable injury," Christensen v. Apfel, No. 98-324-CIV-FTM-21D, 1999 WL 33595519, at *5 (M.D. Fla. Nov. 5, 1999), it is not medical care at stake here, but "medical supplies and assistive devices." [Doc. 5, p. 9]. Plaintiff fails to explain why she cannot replace any medical supplies or devices contained within the repossessed car and later obtain compensation from Defendants through money damages should she prevail on her underlying claims. Bellin v. La Pensee Condo. Ass'n, Inc., No. 05-80071-CIV, 2005 WL 8156021, at *9 (S.D. Fla. Oct. 13, 2005) (denying injunction where the plaintiff failed to allege it could not mitigate the irreparable harm through monetary means), R. & R. adopted, 2006 WL 8433644 (S.D. Fla. Jan. 6, 2006).

## CONCLUSION

Because Plaintiff failed to establish a substantial likelihood success on the merits and irreparable injury, the Emergency Motion for Temporary Restraining Order [Doc. 5] is **DENIED**. The Clerk is **DIRECTED** to assign

this matter to a magistrate judge for further pretrial proceedings.[3]

**SO ORDERED** this 8th day of October, 2025.

      _____
      **J. P. BOULEE**
      United States District Judge

---

[3] According to Northern District of Georgia Standing Order No. 18-01, all cases that contain a claim or claims brought under the Fair Debt Collection Practices Act or Fair Credit Reporting Act are automatically referred to magistrate judges to hear and determine any pretrial matters.